JOHN LYNN PITTMAN v. R. L. PITTMAN, JR., TRUSTEE UNDER THE WILL OF DR. R. L. PITTMAN, SR., AND R. L. PITTMAN, JR., INDIVIDUALLY

No. 8412SC106

(Filed 19 March 1985)

1. **Trusts § 5— subsequently adopted child as beneficiary of trust for children now in being or hereafter born**

    Summary judgment should not have been granted for defendant trustee in an action to determine whether plaintiff, a child adopted by defendant after testator's death, was a beneficiary of a testamentary trust created by defendant's father for defendant's children ". . . now in being or hereafter born." The evidence disclosed that plaintiff, at the time the will was executed, had been a part of defendant's household since his infancy, that he used the Pittman family name exclusively, and that he was treated as a son by his father and as a grandchild by the testator in the same manner as defendant's two natural children. No evidence was presented that the testator ever realized that plaintiff had not been formally adopted by defendant and a question of fact existed as to whether the testator considered plaintiff one of defendant's children in being. G.S. 48-23 (1984).

2. **Courts § 9.4— laches—defendant precluded from raising—previous ruling of another judge**

    In an action to determine whether plaintiff was a beneficiary of a testamentary trust, to discharge defendant trustee, and for damages for mismanagement of the trust, defendant was precluded from raising laches where another superior court judge had previously ruled on defendant's motion to dismiss and had made a specific finding that plaintiff had not been guilty of laches.

APPEAL by plaintiff from *Brewer, Judge.* Judgment entered 7 November 1983 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 23 October 1984.

*Johnson & Johnson, P.A., by W. A. Johnson and Sandra L. Johnson, for plaintiff appellant.*

*McCoy, Weaver, Wiggins, Cleveland & Raper, by L. Stacy Weaver, Jr., for defendant appellee.*

BECTON, Judge.

I

Plaintiff, John Lynn Pittman, is the adopted son of defendant R. L. Pittman, Jr. Defendant is the son of Dr. R. L. Pittman, Sr., and the trustee of a testamentary trust established by Dr. Pittman for the benefit of his grandchildren and other family members. Plaintiff filed this civil action in Wake County on 27 August 1982, seeking (a) a determination that he is a beneficiary of the testamentary trust, (b) removal and discharge of defendant trustee, and (c) damages for mismanagement of the trust. By Order dated 12 August 1983, the trial court denied defendant's Rule 12(b)(6) motion to dismiss, and transferred the cause to Cumberland County. Defendant subsequently moved for summary judgment. The motion was granted, and plaintiff appeals.

Plaintiff's sole argument on appeal is that summary judgment was improperly granted because the will in question does not establish that Dr. Pittman intended to exclude plaintiff, a grandchild adopted after the testator's death, as a beneficiary of the testamentary trust. Defendant's response is that the will clearly establishes the testator's intention to so exclude plaintiff and, alternatively, that the plaintiff was guilty of laches in bringing this action. We conclude that there remains an issue of fact whether the testator intended to exclude plaintiff as a beneficiary of the testamentary trust, and therefore reverse the trial court's entry of summary judgment.

II

[1] Dr. Pittman died testate on 1 August 1963. His will, executed in 1958, established a trust for the benefit of certain of his relatives, including defendant and defendant's children. The portion of the will governing distribution of income from the trust provides that income is to be distributed to "the children of Raymond L. Pittman, Jr., [defendant] now in being or hereafter born" and further provides for a recomputation of how the income is to

be distributed "upon the birth of any child of Raymond L. Pittman, Jr." The provision of the will governing termination of the trust and distribution of the corpus and accumulated income provides for the distribution "to the then surviving children" of defendant. Plaintiff was born in 1946, and was the natural child of defendant's wife by a former marriage. Although plaintiff's mother married defendant while plaintiff was still an infant, the final order by which defendant adopted plaintiff was not signed until 17 February 1964.

Both parties cite N.C. Gen. Stat. Sec. 48-23 (1984) which provides that:

(1) An adopted child shall have the same legal status, including all legal rights and obligations of any kind whatsoever, as he would have had if he were born the legitimate child of the adoptive parent or parents at the date of the signing of the final order of adoption, except that the age of the child shall be computed from the date of his actual birth.

. . .

(3) From and after the entry of the final order of adoption, the words 'child,' 'grandchild,' 'heir,' 'issue,' 'descendant,' or an equivalent, or the plural forms thereof, or any other word of like import in any deed, grant, will or other written instrument shall be held to include any adopted person, unless the contrary plainly appears by the terms thereof, whether such instrument was executed before or after the entry of the final order of adoption and whether such instrument was executed before or after the enactment of this section.

Plaintiff emphasizes that the legislative intent in enacting this statute was to work a "complete substitution of families" as to the rights of an adoptee to property passing under a will, *Crumpton v. Mitchell*, 303 N.C. 657, 281 S.E. 2d 1 (1981), and relies on the following test, quoted with approval in *Crumpton*, to show that he is entitled to the benefits of the trust: "What would [the adoptee's] standing and [legal] rights be if [the adoptee] had been born to [the] adoptive parents at the time of the adoption?" 303 N.C. at 663, 281 S.E. 2d at 5.

The plaintiff submits that had he been born to defendant on 17 February 1964, the date on which the final order of adoption was signed, he would indisputably be included in the class of grandchildren who are beneficiaries of the trust. Therefore, by virtue of his adoption on that date, plaintiff concludes that G.S. Sec. 48-23(3) (1984) demands that he be included in the class of beneficiaries.

A testator is not, of course, prohibited from excluding adopted children from taking under a will. G.S. Sec. 48-23(3) (1984) makes it clear, however, that such an intent to exclude must plainly appear on the face of the instrument. *See Stoney v. Mac-Dougall*, 31 N.C. App. 678, 230 S.E. 2d 592 (1976), *disc. rev. denied*, 291 N.C. 716, 232 S.E. 2d 208 (1977) (cardinal principal of will construction is that testator's intent is to be effectuated as it appears from instrument itself subject to limitations of statute or decision).

The heart of defendant's response is that, by the use of the terms "hereafter born" and "upon the birth of any child," Dr. Pittman plainly manifested his intention to limit the class of grandchildren entitled to the benefits of the trust to those of the bloodline. Defendant cites *Wachovia Bank and Trust Co. v. Andrews*, 264 N.C. 531, 142 S.E. 2d 182 (1965), in support of his position.

*Andrews* also involved the construction of a testamentary trust. The will provision in question allowed a class of beneficiaries composed of the testator's great-nieces and great-nephews to be increased by "those who hereafter may be born within twenty-one (21) years after my death. . . ." At the time the will was executed, this class was composed only of naturally born relatives. During the twenty-one year period, however, the class was increased by both naturally born and by adopted great-nieces and great-nephews. Our Supreme Court held that it clearly appeared in the instrument that the testator intended to exclude adopted children from enjoying the benefits of the trust, declaring that "[b]irth is not synonymous with adoption." *Id.* at 538, 142 S.E. 2d at 187, and emphasizing that the twenty-six persons named in the will as beneficiaries of the trust were all blood relatives of the testator.

The facts in the present case differ from those in *Andrews* and compel a different result. The evidence discloses that at the time the will was executed, plaintiff, the natural son of defendant's wife, had been a part of defendant's household since his infancy, that he used the Pittman family name exclusively, and that he was treated as a son by his father, and as a grandchild by Dr. Pittman, in the same manner as defendant's two natural children. No evidence was presented indicating that Dr. Pittman ever realized that plaintiff had not been formally adopted by defendant.

Dr. Pittman's will speaks of distributing income to grandchildren "now in being or hereafter born." If defendant had already been adopted at the time the will was executed, he would have been "in being," and thus a beneficiary of the trust by operation of law. G.S. Sec. 48-23(3) (1984). Although plaintiff had not yet been adopted at the time the will was executed, we nevertheless do not accept the lower court's conclusion that as a matter of law, plaintiff was excluded from the class of grandchildren described in the will. Based on the materials before the court, a question of fact exists whether, at the time he executed his will, Dr. Pittman considered plaintiff one of defendant's children in being. It is axiomatic that summary judgment may not be granted when there remains a triable issue of fact. *E.g., Williams v. State Bd. of Educ.*, 284 N.C. 588, 201 S.E. 2d 889 (1974).

III

[2] Defendant also contends that the plaintiff was guilty of laches in bringing this action. He argues that in a lawsuit filed on 13 April 1971, plaintiff alleged "substantially the identical causes of action" as alleged in the instant action, and that the nine years that elapsed after a voluntary dismissal in the earlier action, before plaintiff filed this suit, was an unreasonable and unexplained delay that constituted laches. We find that at this stage of the proceedings, defendant is precluded from raising an argument based on laches.

On 10 August 1983, Superior Court Judge Donald L. Smith entered an order denying defendant's motion to dismiss and granting defendant's motion for change of venue. Judge Smith rejected defendant's argument based on his affirmative defense of laches, specifically finding as fact that "[t]he plaintiff has not been

guilty of laches." "[O]rdinarily one judge may not modify, over-rule, or change the judgment of another Superior Court Judge made in the same action." *Calloway v. Ford Motor Co.*, 281 N.C. 496, 501, 189 S.E. 2d 484, 488 (1972). *Accord Estrada v. Jaques*, 70 N.C. App. 627, 321 S.E. 2d 240 (1984). Superior Court Judge Coy E. Brewer, Jr., was thus without authority to overrule, either expressly or implicitly, Judge Smith's prior determination that plaintiff was not guilty of laches in his order granting summary judgment.

## IV

In conclusion, defendant has not shown, pursuant to G.S. Sec. 48-23(3) (1984), that the testator, Dr. Pittman, plainly intended to exclude plaintiff as a beneficiary of a testamentary trust. The order granting summary judgment must be, and is,

Reversed.

Chief Judge HEDRICK and Judge WELLS concur.