FIRST FINANCIAL INSURANCE COMPANY, BURLINGTON INSURANCE COMPANY, AND ALAMANCE SERVICES, INC., PLAINTIFFS v. COMMERCIAL COVERAGE, INC., MICHAEL D. ADKINS, JANET A. ADKINS, ARNOLD J. CHELDIN, AND SUZANNE C. CHELDIN, DEFENDANTS

No. COA02-207

(Filed 3 December 2002)

## Courts— overruling a prior judge—change in circumstances— not shown

A second judge was without authority to rescind a prior judge's order where the first judge remanded a referee's report, the parties were not able to agree on the factual matters to be submitted, and the second judge rescinded the first judge's order. Although one judge may overrule another where there has been a substantial change of circumstances since entry of the prior order, there was nothing in the record to show the state of agreement or disagreement at the time of the original order and plaintiffs have not met their burden of showing the existence of new facts arising since the original order. Moreover, the original order gave the referee "sole discretion" to determine the information in question.

Appeal by plaintiffs First Financial Insurance Company and Burlington Insurance Company from order and judgment filed 23 October 2001 and appeal by defendants from orders filed 24 August 2001, 16 October 2001, and 18 October 2001 and from order and judgment filed 23 October 2001 by Judge Evelyn W. Hill in Alamance County Superior Court. Heard in the Court of Appeals 15 October 2002.

*Wishart, Norris, Henninger & Pittman, P.A., by Pamela S. Duffy, for plaintiff-appellants First Financial Insurance Company and Burlington Insurance Company.*

*Vernon, Vernon, Wooten, Brown, Andrews & Garrett, P.A., by Wiley P. Wooten and Benjamin D. Overby, for defendant-appellants Arnold and Suzanne Cheldin.*

GREENE, Judge.

First Financial Insurance Company (FFIC) and Burlington Insurance Company (BIC) appeal from a 23 October 2001 order granting summary judgment in part to FFIC, BIC, and Alamance Services, Inc., (collectively, Plaintiffs) and in part to Commercial Coverage, Inc. (CCI), Michael D. Adkins and Janet A. Adkins, (the Adkins), and Arnold J. Cheldin and Suzanne C. Cheldin (Defendants).[1] In addition, Defendants appeal from a 24 August 2001 order rescinding and setting aside remand, a 16 October 2001 order adopting a referee's report and amended report, and a 18 October 2001 order denying a new trial.

On 13 April 1998, Plaintiffs filed a complaint in superior court alleging breach of contract, breach of fiduciary duty, conversion and unfair and deceptive trade practices seeking monetary and injunctive relief as well as punitive damages. The allegations arose out of an agency agreement entered into in February 1994 between Plaintiffs and CCI, with the Adkins and Defendants acting as guarantors for CCI.[2] The agency agreement provided for CCI to sell and issue insurance policies on behalf of FFIC and BIC. CCI was to collect the premiums from the policies sold and remit them to Plaintiffs. In return, CCI was to receive a monthly commission and an annual bonus based on the net profits resulting from the sale of insurance policies. Plaintiffs terminated the agency agreement with CCI between 24

---

1. On 12 April 2002, this Court dismissed the appeal of CCI and the Adkins.

2. Alamance Services, Inc. provided software licensed to CCI for the purpose of servicing FFIC and BIC accounts.

FIRST FIN. INS. CO. v. COMMERCIAL COVERAGE, INC.

[154 N.C. App. 504 (2002)]

March 1998 and 3 April 1998 and alleged CCI was past due in remitting premiums to Plaintiffs in the amount of at least $135,649.60 to FFIC and at least $600.63 to BIC.

Defendants, CCI, and the Adkins filed an answer and counterclaim on 5 August 1998 alleging Plaintiffs owed CCI commissions and a bonus under the agency agreement. In November 1998, a consent order was filed whereby the parties agreed to send the matter to a referee for a determination of any amount owed by CCI to Plaintiffs.[3] Subsequently, the referee submitted to the trial court a "Referee's Report" on 5 July 2000.

This report stated the referee had used a "statistically valid sampling basis" to determine the amounts owed by CCI to Plaintiffs on the numerous policy files. The referee determined CCI owed FFIC $187,972.05 and BIC $663.34. After reviewing additional sources submitted to him by Defendants, the referee filed an amended report on 28 December 2000 that included transactions subsequent to his initial report. The amended report, however, did not materially change the referee's initial conclusions and was based on the same "statistically valid sampling basis." The referee further noted he had not included any bonus owed to CCI by Plaintiffs in his calculations. On 26 January 2001, Defendants filed exceptions to the referee's report objecting to, among other things, the referee's use of a statistical sampling method and failure to include any bonus owed to CCI in his calculations.

On 15 February 2001, the matter came before Judge Ronald L. Stephens on Plaintiffs' motion to adopt the referee's amended report. In his order (Judge Stephens' Order), the judge found it appropriate to remand the matter to the referee to "assemble a list of all policies effective from and after April 1, 1996 through the last policy issued by [CCI] for [FFIC] and [BIC]" using whatever sources the referee, "in his sole discretion," deemed appropriate. Further, the referee was ordered to conduct an examination of each policy file on the assembled list to determine the amount owed on each policy. The referee was also required to determine any bonus owed to CCI by Plaintiffs. Judge Stephens' Order then noted: "The [trial] [c]ourt retains jurisdiction of this matter for further hearing upon receipt of . . . [the] Referee's report and may render its decision out of term, out of session, and out of county."

The parties were unable to agree on the factual matters to be submitted and considered by the referee, and consequently, the referee

---

3. The record does not indicate the day this consent order was filed.

FIRST FIN. INS. CO. v. COMMERCIAL COVERAGE, INC.

[154 N.C. App. 504 (2002)]

performed no additional review. Without motion of either party, the case came before Judge Evelyn W. Hill on 13 August 2001. Judge Hill filed an order (Judge Hill's Order) on 24 August 2001 rescinding Judge Stephens' Order based on the disagreement between the parties and because nothing had been done by the referee, "through no fault of his own," to comply with Judge Stephens' Order.

Subsequently, Judge Hill adopted the referee's amended report filed on 28 December 2000 and granted summary judgment (1) for Plaintiffs on their breach of contract, breach of fiduciary duty, and conversion claims, as well as their claims for injunctive relief and (2) against Plaintiffs on their claims for unfair and deceptive trade practices and for punitive damages.

---

The dispositive issue is whether Plaintiffs met their burden of showing a substantial change in the circumstances existing at the time of Judge Stephens' Order and the circumstances existing at the time of Judge Hill's Order.

One superior court judge may only modify, overrule, or change the order of another superior court judge where the original order was (1) interlocutory, (2) discretionary, and (3) there has been a substantial change of circumstances since the entry of the prior order. *Stone v. Martin*, 69 N.C. App. 650, 652, 318 S.E.2d 108, 110 (1984). A substantial change in circumstances exists if since the entry of the prior order, there has been an "intervention of new facts which bear upon the propriety" of the previous order. *See Calloway v. Motor Co.*, 281 N.C. 496, 505, 189 S.E.2d 484, 490 (1972). The burden of showing the change in circumstances is on the party seeking a modification or reversal of an order previously entered by another judge. *Cf. Johnson v. Adolf*, 149 N.C. App. 876, 878, 561 S.E.2d 588, 589 (2002) (in child custody modification action, original custody order may not be modified unless party seeking modification shows there has been a substantial change in circumstances affecting the welfare of the child).

In this case, FFIC and BIC contend, at the time of Judge Hill's Order, the parties were in disagreement over the factual materials to be submitted to the referee and this disagreement constitutes a substantial change in circumstances.[4] Defendant does not dispute that, at the time of Judge Hill's Order, the parties could not agree on the materials to be considered by the referee. There is, however, nothing in

---

4. There is no dispute that Judge Stephens' Order was interlocutory and discretionary.

this record to show the state of agreement or disagreement on this issue at the time of Judge Stephens' Order. Thus, Plaintiffs have not met their burden of showing the existence of new facts arising since the entry of Judge Stephens' Order. In any event, any disagreement between the parties with respect to the materials to be considered by the referee, even if arising sometime after the entry of Judge Stephens' Order, is immaterial. The referee had, pursuant to Judge Stephens' Order, the "sole discretion" to determine what sources to use in compiling the list of policies "effective from and after April 1, 1996." *See Davis v. Davis*, 58 N.C. App. 25, 34, 293 S.E.2d 268, 274 (1982) (generally powers of referee governed by order of reference).

Accordingly, Judge Hill was without authority to rescind Judge Stephens' Order and, therefore, her summary judgment order must be vacated and this matter remanded to the referee for compliance with Judge Stephens' Order.[5]

Vacated and remanded.

Judges WALKER and BRYANT concur.

───────────

5. Because we vacate the summary judgment order, we do not address FFIC's and BIC's assignments of error.