DONNA W. CROOK AND WILLIAM B. CROOK, PLAINTIFFS v. KRC MANAGEMENT COR-PORATION, D/B/A KIMCO REALTY COMPANY AND KIR CARY LIMITED PART-NERSHIP, DEFENDANTS

No. COA09-936

(Filed 3 August 2010)

**Judges— order impermissibly overruled prior discovery order—vacated**

The superior court's 10 October 2008 order imposing monetary sanctions, ordering payment of attorney fees, striking defendants' answer, and entering judgment for plaintiffs in a negligence action was vacated and the matter was remanded for further proceedings. One judge may not modify, overrule, or change the judgment of another superior court judge previously made in the same action.

Appeal by defendants from orders entered 10 October 2008, 17 December 2008, and 29 January 2009 by Judge Orlando F. Hudson, Jr., in Wake County Superior Court. Heard in the Court of Appeals 25 January 2010.

CROOK v. KRC MGMT. CORP.

[206 N.C. App. 179 (2010)]

*Larcade & Heiskell, PLLC, by Jodee Sparkman Larcade and Margaret P. Eagles; and Smyth & Cioffi, LLP, by Theodore B. Smyth, for Plaintiffs-Appellees.*

*Nelson Mullins Riley & Scarborough LLP, by Charles H. Mercer, Jr.; Reed J. Hollander; and Joseph S. Dowdy, for Defendants-Appellants.*

ERVIN, Judge.

Defendants KRC Management Corporation and KIR Cary Limited Partnership appeal from a series of orders imposing monetary sanctions, ordering payment of attorney fees, striking Defendants' answer, and entering judgment for Plaintiffs. After careful consideration of the trial court's orders in light of the record and the applicable law, we vacate the trial court's orders and remand this case to the trial court for further proceedings not inconsistent with this opinion.

## I.  Procedural History

On 25 October 2006, Plaintiffs Donna and William Crook filed a civil action against Defendants seeking an award of damages based on claims sounding in negligence and loss of consortium. In their complaint, Plaintiffs alleged that, at approximately 1:40 p.m. on 19 February 2006, they were lawfully on the premises of The Centrum, a shopping center located in Cary, North Carolina, that was owned by Defendants.[1] Plaintiffs parked near an Alltel™ store at which they planned to have a cellular telephone repaired. As Plaintiff Donna Crook was walking across the parking lot between her car and the Alltel™ store, she slipped on "black ice" and fell to the ground, sustaining severe injuries. The injuries that Plaintiff Donna Crook sustained deprived Plaintiff William Crook of Plaintiff Donna Crook's "marital services, society, affection, and companionship." According to Plaintiffs, Plaintiff Donna Crook's fall and resulting injuries were proximately caused by Defendants' negligence.

On 4 December 2006, Defendants filed a motion to dismiss and an answer. On 20 December 2006, Defendants filed another dismissal motion and an amended answer. In their responsive pleadings, Defendants denied the material allegations of Plaintiffs' complaint, asserted various affirmative defenses, and sought dismissal of Plaintiffs' complaint.

---

1. In their answer, Defendants admitted that the shopping center was owned by KIR Cary, but denied that KRC Management/KIMCO possessed any interest in the center.

**CROOK v. KRC MGMT. CORP.**

[206 N.C. App. 179 (2010)]

On 19 February 2007, Plaintiffs served Defendants with a set of formal discovery requests that included interrogatories, a request for production of documents, and a request for admissions. On 23 April 2007, Defendants served responses to Plaintiffs' discovery requests. On 1 June 2007, Plaintiffs filed their first motion to compel discovery, in which they alleged that Defendants had failed to "make complete responses" to Plaintiffs' discovery requests. On 9 August 2007, Judge R. Allen Baddour, Jr., conducted a hearing concerning the issues raised by Plaintiffs' motion. On 23 August 2007, Judge Baddour entered an order that granted Plaintiffs' motion to compel discovery in part and denied Plaintiffs' motion to compel discovery in part, denied Defendants' motion to dismiss, and ordered each side to pay its own costs. Neither party sought review of Judge Baddour's order.

On 15 January 2008, Judge Michael R. Morgan entered an order allowing Defendants' existing counsel to withdraw and substituting new counsel for Defendants. On 14 August 2008, Plaintiffs served a second motion to compel discovery on Defendants' substitute counsel. Plaintiffs' 14 August 2008 motion sought the entry of an order requiring the production of certain documents allegedly requested in Plaintiffs' initial discovery requests and the payment of expenses associated with "obtaining the order to compel, including attorneys fees." On 29 August 2008, Defendants filed their own motion to compel discovery. On 24 September 2008, Plaintiffs filed an amended motion to compel and for sanctions which was intended as a substitute for the 14 August 2008 motion. In the 24 September 2008 motion, Plaintiffs sought discovery of two of the same items listed in the 14 August 2008 motion. In addition, Plaintiffs sought to compel production of documents allegedly requested in the initial discovery requests that were not mentioned in the 14 August 2008 motion and to depose an individual named Glenn Brettschneider. Plaintiffs also requested the imposition of sanctions, including "that the Defendants' answer to the Complaint be stricken, that Judgment be entered on behalf of Plaintiff[s] and for attorneys fees and costs associated with this motion." On 29 September 2008, Defendants filed an Opposition to Plaintiffs' Amended Motion to Compel and For Sanctions.

On 6 October 2008, the trial court conducted a hearing on Plaintiffs' amended motion to compel and for sanctions and on Defendants' motion to compel. On 10 October 2008, the trial court entered an order granting Plaintiffs' motion to compel and denying Defendants' motion to compel. According to the 10 October 2008

order, Defendants were required to "provide such documents as outlined in [Plaintiffs' motion to compel] to counsel for the Plaintiff on or before [16 October 2008];" to "make Glenn Brettschneider available for deposition at a mutually convenient time;" and to "pay attorneys fees and costs in connection with Plaintiffs' Motion to Compel in the amount of $3,850.00 to counsel for the Plaintiff[s] on or before" 16 October 2008.

On 16 October 2008, Defendants served a response to the 10 October 2008 order which included a check drawn to Plaintiffs' counsel in the amount of $3,850.00, various documents, information concerning the availability of other documents, and information concerning dates upon which Mr. Brettschneider could be deposed. On 23 October 2008, Plaintiffs filed a Motion for Sanctions in which Plaintiffs sought the entry of an "order sanctioning the Defendants and striking their Answer" on the grounds "that the Defendants have failed to comply with" the 10 October 2008 order. On 28 October 2008, Defendants filed an Opposition to Motion for Sanctions in which Defendants asserted that they had complied with the 10 October 2008 order. On 7 November 2008, Defendants filed a Motion for Sanctions in which they sought the imposition of sanctions against Plaintiffs based on Plaintiffs' refusal to withdraw their second sanctions motion.

On 1 December 2008, a hearing was conducted on Plaintiffs' 23 October 2008 motion for sanctions before the trial court. At this hearing, the parties presented their arguments to the trial court, supported by exhibits, regarding Defendants' compliance with the 10 October 2008 order. After the hearing, the trial court granted Plaintiffs' sanctions motion and ordered Defendants to produce various documents sought by Plaintiffs and to make an individual named Suzanne Anderson "available for deposition." In addition, the trial court ordered Defendants to pay $50,000.00 in sanctions, $24,587.16 in costs, and $8,875.00 in attorney fees. The trial court's order, which was signed on 8 December 2008 and filed on 17 December 2008, ordered Defendants to comply by 11 December 2008. On 11 December 2008, Defendants filed an Objection, Response to Order to Compel and Sanctions, and Motion for an Extension of Time to Comply with the Court Order in which Defendants, while acknowledging payment of the $50,000.00 sanction, challenged the trial court's authority to impose such a sanction; acknowledged payment of $24,587.16 in costs and $8,875.00 in attorney fees to Plaintiffs; indicated that certain additional documents had been provided to

**CROOK v. KRC MGMT. CORP.**

[206 N.C. App. 179 (2010)]

Plaintiffs; and sought an extension of time to comply with the remainder of the trial court's order.

On 16 December 2008, Plaintiffs filed a Motion for Sanctions requesting the imposition of sanctions against Defendants "for their failure to comply with" the 17 December 2008 order and because the motion filed by Defendants on 11 December 2008 "is not well grounded in fact, not warranted by existing law and not done in good faith, but rather for the purpose of harassment and to cause unnecessary delay and needless increase in the cost of litigation" and seeking the entry of an order "striking Defendants' Answer and for attorney's fees and costs associated with this motion and for such other relief as the Court deems necessary, just and appropriate." On 6 January 2009 and 9 January 2009, respectively, Defendants filed Supplemental Responses to Order to Compel in which they provided certain additional documents to Plaintiffs. On 29 January 2009, Defendants made a filing that objected to the issuance of a subpoena directed to Mr. Brettschneider.

On 28 January 2009, the trial court heard Plaintiffs' latest sanctions motion. At the 28 January 2009 hearing, Plaintiffs contended that Defendants had not provided complete or timely responses to the discovery ordered at the 1 December 2008 hearing, and that the information provided in response to the order entered by the trial court following that hearing contradicted prior testimony regarding inspection reports, insurance coverage, the availability of e-mail records, and the identity of the person who took certain photographs. On 29 January 2009, the trial court entered an order in which it allowed Plaintiffs' sanctions motion, struck Defendants' answer, entered judgment in favor of Plaintiffs, and denied Plaintiffs' motion to quash Defendants' subpoenas. On 11 February 2009, Defendants filed notice of appeal from the 10 October 2008, 17 December 2008, and 29 January 2009 orders.

## II. Legal Analysis

On appeal, Defendants argue that the trial court erred by ruling on Plaintiffs' 24 September 2008 amended motion to compel. Following a hearing on this motion conducted on 6 October 2008, the trial court entered an order on 10 October 2008 granting Plaintiffs' motion to compel, denying Defendants' motion to compel, and awarding Plaintiffs attorney fees. According to Defendants, the 10 October 2008 order "impermissibly overruled Judge Baddour's prior discovery order." We agree.

"The well established rule in North Carolina is that no appeal lies from one Superior Court judge to another; that one Superior Court judge may not correct another's errors of law; and that ordinarily one judge may not modify, overrule, or change the judgment of another Superior Court judge previously made in the same action." *Calloway v. Ford Motor Co.*, 281 N.C. 496, 501, 189 S.E.2d 484, 488 (1972) (citations omitted).

> The reason one superior court judge is prohibited from reconsidering the decision of another has remained consistent for over one-hundred years. When one party wait[s] for another [j]udge to come around and [takes its] chances with him, and the second judge overrules the first, an unseemly conflict is created. Given this Court's intolerance for the impropriety referred to as judge shopping and its promotion of collegiality between judges of concurrent jurisdiction, this unseemly conflict . . . will not be tolerated.

*State v. Woolridge*, 357 N.C. 544, 550, 592 S.E.2d 191, 194 (2003) (internal quotations and citations omitted) (quoting *Henry v. Hilliard*, 120 N.C. 479, 487-88, 27 S.E. 130, 132 (1897)) (quoting *Roulhac v. Brown*, 87 N.C. 1, 4 (1882)). If one trial judge enters an order that unlawfully overrules an order entered by another trial judge, such an order must be vacated, including any award of fines or costs. *Cail v. Cerwin*, 185 N.C. App. 176, 187, 648 S.E.2d 510, 518 (2007) (where judge enters order "effectively overruling" earlier order on same issue, the second order and civil penalty are vacated). Since the issue in question "relates to jurisdiction, and jurisdictional issues 'can be raised at any time, even for the first time on appeal and even by a court *sua sponte*,' " *Cail*, 185 N.C. App. at 181, 648 S.E.2d at 514 (quoting *Brown v. Brown*, 171 N.C. App. 358, 362, 615 S.E.2d 39, 41 (2005)), Defendants are not precluded from raising this issue on appeal by virtue of the fact that they did not raise it at the 6 October 2008 hearing.

In their first motion to compel, Plaintiffs sought "an order compelling Defendants to respond completely to [Plaintiffs'] First Set of Interrogatories, First Request for Production of Documents, and First Request for Admissions, which were served on Defendants . . . on February 19, 2007." According to Plaintiffs, Defendants had "failed to make complete responses to said discovery." For that reason, Plaintiffs specifically asked that Defendants "properly answer[]" "Interrogatories 7, 8, 9, 12, and 15;" "Request for Admissions 5, 6, 7, 8,

9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 21, 22, and 23;" and "Request for Production of Documents." With respect to their request for production of documents, Plaintiffs asserted that "[D]efendants have produced one document not generated by the plaintiff and they have documents requesting a confidentiality agreement and others have been withheld based on attorney client privilege."

On 9 August 2007, Judge R. Allen Baddour, Jr., conducted a hearing "upon motion by the plaintiffs to compel defendants to respond to certain of plaintiffs' Interrogatories, Requests for Admissions and Requests for Production of Documents." On 23 August 2007, Judge Baddour entered an order stating that:

The Court, having considered the matter, finds that defendants shall supplement their responses to interrogatories 7, 8, 9 and 12 to the extent any additional information is available and discoverable pursuant to the North Carolina Rules of Civil Procedure within fifteen (15) days of entry of this Order. Should any additional information available and discoverable not be provided, the Court may consider the exclusion of such material from evidence as allowed under the North Carolina Rules of Civil Procedure. The Court further orders defendants to produce all documents marked as confidential within five (5) days of entry of this Order, and that these and any discovery designated as confidential by either party shall be used solely in this matter, 06 CVS 15774, and for no other purpose. That portion of plaintiffs' motion with regard to defendants' responses to plaintiffs' Requests for Admission and plaintiffs' Requests for Production is denied. Plaintiffs' request that defendants waive their objections to plaintiffs' discovery requests and their motion seeking an order from the court striking defendants' objections are denied.

[Further], the Court finds that defendants' motion to dismiss the complaint of plaintiffs in its entirety pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil [Procedure] shall be denied.

Judge Baddour's order does not include findings or conclusions, does not identify the documents that Plaintiffs sought at the hearing, and does not specify the legal issues argued before the court. Furthermore, we have not been provided with a transcript of the hearing before Judge Baddour or a summary of the proceedings that transpired at that time. Accordingly, we are unable to tell from the record what documents Plaintiffs sought to obtain from Defendants

in connection with their first motion to compel or the legal or factual arguments that were advanced in support of their efforts to obtain those additional materials. However, the undisputed information contained in the record establishes that Plaintiffs sought production of additional documents and that Judge Baddour's order denied this part of Plaintiffs' motion. Thus, Judge Baddour's order amounts to a general denial of Plaintiffs' request for the entry of an order compelling Defendants to produce additional documents.

On 14 August 2008, Plaintiffs served a second motion to compel discovery on Defendants' substitute counsel. On 24 September 2008, Plaintiffs filed an amended motion to compel and for sanctions that replaced the 14 August 2008 motion. According to Plaintiffs' amended motion to compel discovery:

1. That on the 19th day of February, 2007, [Plaintiffs] served on [Defendants] certain written Interrogatories . . . and certain Requests for Production of Documents

. . . .

2. That the information requested is material and relevant to the matter in controversy and within the scope of allowable discovery.

3. That, to date, [Defendants have] refused . . . to provide complete answers and responses to . . . [Plaintiffs'] Interrogatories and Request for Production of Documents and specifically with regard to the following:

   a. 20 e-mails referred to by Carrie Karcher deposition[.] in her

   b. Deposition of Mr. Brettschneider[.]

   c. Mileage records and reimbursement from Kimco to and from Centrum by Carrie Karcher and Chris Freeman[.]

   d. Photos and notes taken on inspections by Carrie Karcher from 2006 to the present[.]

   e. Additional third party reports from 2001 through 2006[.]

   f. The Alltel lease[.]

   g. Carrie[] Karcher's phone records January—March 2006.

In their amended motion to compel, Plaintiffs asserted that the "above information has been requested since the filing of this action[.]" As a result, Plaintiffs clearly sought in their amended motion

to compel to obtain production of additional documents based on their 19 February 2007 discovery request. The 19 February 2007 request for production of documents had also been the basis for Plaintiffs' first motion to compel production of documents, which Judge Baddour had, in relevant part, denied. As a result, by seeking the entry of an order compelling the production of documents based on the same request for production of documents that had been before Judge Baddour and which had led to the entry of Judge Baddour's order refusing to order the production of additional documents, Plaintiffs were effectively asking the trial court to modify or overrule Judge Baddour's earlier order ruling on their original motion to compel, an action that the trial court lacked the authority to take unless the existence of one of the limited number of exceptions to the general prohibition against one trial judge overruling another was established.

The record does not establish that the trial court was formally notified of Plaintiffs' earlier motion to compel and Judge Baddour's earlier order ruling on that motion. As we have already noted, neither the original second motion to compel nor the amended motion to compel mentioned the first motion to compel or Judge Baddour's order ruling on that motion. At the 6 October 2008 hearing before the trial court, Plaintiffs argued that Defendants had refused to comply with their 19 February 2007 discovery request and had abused the discovery process. In support of their allegations, Plaintiffs offered the trial court a detailed summary of the parties' discovery-related interactions and submitted numerous additional exhibits, including a chart labeled "Timeline of [Request for Production of Documents]." Although Plaintiffs' "Timeline" includes the 19 February 2007 discovery request and Defendants' responses, it makes no mention of the motion to compel or Judge Baddour's order. In addition, Plaintiffs submitted a document intended to demonstrate Defendants' "protracted, deceptive, and manipulative practices to thwart Plaintiffs' pursuit of this action." This exhibit, which included a chart of Defendants' discovery responses, also makes no mention of the motion to compel or Judge Baddour's order. As a result, none of the filings that Plaintiffs made and none of the documents that Plaintiffs tendered to the trial court made the trial court aware that Judge Baddour had already ruled on a motion to compel arising from Plaintiffs' 19 February 2007 discovery requests.

Furthermore, in their arguments to the trial court at the 6 October 2008 hearing, Plaintiffs contended that they had sought production of

certain documents since the submission of their formal discovery request on 19 February 2007 and that Defendants had failed to provide the requested discovery. For example, Plaintiffs informed the trial court that "[e]very single one of these documents that we have tried to subpoena now to the depositions was asked for in the first request for production of documents." However, despite taking the position that they had sought the requested documents throughout the course of the discovery process, Plaintiffs did not expressly inform the trial court that they had attempted to obtain the production of additional documents in their first motion to compel discovery, that Judge Baddour had heard their first motion to compel, or that Judge Baddour had entered an order granting their motion to compel in part and denying it in part.

In their brief, Plaintiffs assert that "Plaintiffs' counsel referenced the August 2007 motions to compel in her argument to the Court." Admittedly, the transcript of the 6 October 2008 hearing shows that Plaintiffs' counsel told the trial court that Defendants responded to their February 2007 discovery request in April 2007, and that "[t]he next interaction that we had through some motions to compel was seven months later." This passing reference to a motion to compel does not indicate the date upon which the motion to compel was filed or the contents of that motion. In addition, Plaintiffs' argument made no reference to the disposition of the motion in question. More specifically, Plaintiffs' argument did not inform the trial court that a hearing was held before Judge Baddour or that Judge Baddour had entered an order ruling on the prior motion to compel. Thus, we conclude that the trial court was never explicitly informed of the existence of Judge Baddour's earlier order ruling on their request for production of documents, so that it had no warning that the order that it was requested to enter would have the effect of impermissibly overruling or modifying a prior order entered by Judge Baddour.

In defending the trial court's authority to rule on their second motion to compel, Plaintiffs argue that "Courts have repeatedly held that the doctrine of one Judge not overruling a judgment entered by another Judge[] does not apply to interlocutory orders given in the progress of the cause." However, the Plaintiffs' argument misapprehends the exception to the rule prohibiting one trial judge from overruling another upon which Plaintiffs appear to rely, since there is no blanket exemption to the general prohibition against one trial judge overruling another applicable to all interlocutory orders. On the contrary, as Defendants observe, the orders that a party seeks to have

CROOK v. KRC MGMT. CORP.

[206 N.C. App. 179 (2010)]

modified in violation of the general prohibition are almost always interlocutory. However, one trial judge is authorized to overrule an order entered by another under certain circumstances:

> An exception to this rule allows a subsequent trial judge to rehear an issue and enter a ruling "if there has been a material change in the circumstances of the parties and the initial ruling was one which was addressed to the discretion of the trial judge."

*Morris v. Gray*, 181 N.C. App. 552, 555, 640 S.E.2d 737, 739 (2007) (quoting *Atkinson v. Atkinson*, 132 N.C. App. 82, 88, 510 S.E.2d 178, 181, *rev'd on other grounds*, 350 N.C. 590, 516 S.E.2d 381 (1999)). As a result:

> One superior court judge may only modify, overrule, or change the order of another superior court judge where the original order was (1) interlocutory, (2) discretionary, and (3) there has been a substantial change of circumstances since the entry of the prior order. A substantial change in circumstances exists if since the entry of the prior order, there has been an 'intervention of new facts which bear upon the propriety' of the previous order. The burden of showing the change in circumstances is on the party seeking a modification or reversal of an order previously entered by another judge.

*First Fin. Ins. Co. v. Commercial Coverage*, 154 N.C. App. 504, 507, 572 S.E.2d 259, 262 (2002) (citing *Stone v. Martin*, 69 N.C. App. 650, 652, 318 S.E.2d 108, 110 (1984), and quoting *Calloway*, 281 N.C. at 505, 189 S.E.2d at 490). " 'Thus, a subsequent judge could modify the order for circumstances which changed the legal foundation for the prior order.' " *Jacobs v. Physicians Weight Loss Ctr. of Am., Inc.*, 173 N.C. App. 663, 677, 620 S.E.2d 232, 241 (2005) (quoting *Dublin v. UCR, Inc.*, 115 N.C. App. 209, 220, 444 S.E.2d 455, 461 (1994)).

During oral argument, Plaintiffs candidly admitted that the extent to which the trial court was authorized to rule on their motion to compel in light of Judge Baddour's prior ruling was not addressed at the 6 October 2008 hearing and speculated that the absence of any discussion of this issue could have stemmed from the fact that both parties believed that there had been such a sufficient change of circumstances as to authorize the trial court to overrule or modify Judge Baddour's earlier order. In addition, Plaintiffs make a conclusory assertion in their brief that Judge Hudson's order "dealt with an evolving set of discovery circumstances;" however, they do not articulate any material change in circumstances sufficient to justify mod-

ifying or overruling Judge Baddour's order. Plaintiffs' arguments are not sufficient to justify upholding the 10 October 2008 order on the basis of a "changed circumstances" theory for two different, albeit related, reasons.

First, the determination of whether an adequate change in circumstances has occurred must be made by the trial court, not the parties. *Morris*, 181 N.C. App. at 556, 640 S.E.2d 739-40. The record simply contains no indication that the trial court made the required "change of circumstances" determination, probably because the trial court was unaware that such a determination needed to be made. Secondly, in the absence of adequate findings specifying the nature of the change of circumstances upon which the court relies, it is "without authority to overrule, either expressly or implicitly, [the first judge's] prior determination" as reflected in its order. *Pittman v. Pittman*, 73 N.C. App. 584, 589, 327 S.E.2d 8, 11 (1985) (emphasis added). In other words, where the trial court fails to find that there has been a material change in circumstances, it has no authority to modify the order of another judge. For example, in *Morris*, a district court judge entered a Qualified Domestic Relations Order (QDRO), which was not appealed by either party. Subsequently, another judge entered an order modifying the terms of the QDRO. On appeal, this Court held that the trial court erred by failing to specify the changed circumstances that justified modification of the QDRO:

> After reviewing the record, we can find no findings or statements by the trial judge that would indicate his reasons for modifying the terms of the earlier order. [The parties] offer possible explanations, . . . but their theories cannot substitute for the reasoning of the trial judge.
>
> . . . Although we cannot say the trial judge did not engage in a competent inquiry in deciding to modify the terms of the earlier [order,] we likewise cannot say that he did, in light of the absence of any findings or reasons stated in the record. We have no evidence before us of a 'material change in circumstances' that would warrant the exception of one trial judge's modifying; overruling, or changing the order of another.
>
> Accordingly, we conclude that the trial judge erred in failing to make adequate findings to justify his modifications to the [first order.] Because this is sufficient grounds to vacate the . . . order, we do not address the remainder of [appellant's] arguments.

*Morris*, 181 N.C. App. at 556, 640 S.E.2d at 739-40. As we have already noted, the 10 October 2008 order contains no findings explaining the reason that the trial court believed that overruling or modifying Judge Baddour's earlier order was appropriate. Thus, in the absence of a determination by the trial judge, as reflected in its findings of fact, that a change in circumstances sufficient to justify the overruling or modification of a prior order had occurred, the trial judge lacked the authority to modify an order entered by another trial judge. As a result, the 10 October 2008 order must be vacated, since it effectively overrules or modifies Judge Baddour's prior order in the absence of adequate findings establishing the existence of changed circumstances justifying the overruling or modification of the prior order.

In the aftermath of the entry of the 10 October 2008 order, the trial court entered two other orders sanctioning Defendants, the first of which was entered on 17 December 2008 and sanctioned Defendants for failing to comply with the 10 October 2008 order, and the second of which was entered on 29 January 2009 and sanctioned Defendants for failing to comply with the 17 December 2008 order. According to Defendants, these orders are "wholly derivative" of the 10 October 2008 order, so that the invalidity of the 10 October 2008 order necessarily invalidates the 17 December 2008 and 29 January 2009 orders. We agree.

In *Willis v. Duke Power Co.*, 291 N.C. 19, 32, 229 S.E.2d 191, 199 (1976), the plaintiff sought to have defendant held in contempt for failing to comply with a discovery order. Although it upheld the trial court's general authority to issue a citation for criminal contempt predicated on a litigant's failure to comply with a discovery order, the Supreme Court found that the discovery order at issue in *Willis* was invalid and held that, "[i]nsofar as the contempt order addresses the defendant's failure to produce documents, it is based upon an unlawful order for production and is therefore erroneous." *Id.* As a result, a sanctions order predicated on an unlawful discovery order is invalid.

In the present case, as in *Willis*, Defendants were sanctioned for failing to comply with an invalid discovery order. Since the 10 October 2008 order must be vacated because it impermissibly overrules or modifies Judge Baddour's earlier order granting Plaintiffs' motion to compel in part and denying Plaintiffs' motion to compel in part, the subsequent orders sanctioning Defendants for failing to comply with the 10 October 2008 order must be vacated as well. Since we have vacated all three of the trial court's orders that Defendants have chal-

lenged on appeal, we do not reach Defendants' remaining appellate arguments and express no opinion about whether changed circumstances justify modifying or overruling Judge Baddour's order. As a result, the 10 October 2008, 17 December 2008, and 29 January 2009 orders are vacated and this matter is remanded to the trial court for further proceedings not inconsistent with this opinion.

VACATED AND REMANDED.

Chief Judge MARTIN and Judge Robert C. HUNTER concur.