An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1063

NORTH CAROLINA COURT OF APPEALS

Filed: 1 July 2014

CLIFFORD ROBERTS WHEELESS, III,
M.D.,
    Plaintiff

v.                                    Vance County
                                      No. 11 CVS 859
MARIA PARHAM MEDICAL CENTER, INC.,
    Defendant

Appeal by defendant from order entered 4 April 2013 by Judge Elaine M. Bushfan in Vance County Superior Court. Heard in the Court of Appeals 20 February 2014.

> *The Law Office of Colon & Associates, PLLC, by Arlene L. Velasquez-Colon; and Jeannette Griffith Congdon, for plaintiff-appellee.*

> *Womble Carlyle Sandridge & Rice, LLP, by James M. Powell and Theresa M. Sprain, for defendant-appellant.*

CALABRIA, Judge.

Maria Parham Medical Center, Inc. ("defendant") appeals from an order compelling defendant to supplement its responses to discovery. We reverse.

Clifford Roberts Wheeless, III, M.D. ("plaintiff") is an orthopedic surgeon who held active staff privileges with

defendant until July 2006. In 2005, defendant's Medical Executive Committee ("MEC") conducted a peer review proceeding regarding plaintiff's clinical skills (the "2005 peer review"). In 2006, defendant initiated a separate peer review proceeding regarding allegations of plaintiff's violations of defendant's disruptive physician policy (the "2006 peer review"). Plaintiff requested a "fair hearing," which was scheduled to consider the allegations of plaintiff's disruptive behavior. Prior to the date of the fair hearing, the parties negotiated and entered into a Mediated Settlement Agreement ("MSA"). The terms of the MSA required, *inter alia*, that plaintiff request the MEC to change his staff privileges from Active Staff to Consulting Staff, and that the MEC terminate without further action any and all pending or contemplated disciplinary actions against plaintiff.

In a letter dated August 2006, plaintiff alleged that defendant failed to honor his consulting privileges pursuant to the MSA by refusing to call him in for consults when he was requested by patients. Plaintiff requested in the letter that defendant take "whatever corrective steps appear to be necessary" to comply with the MSA. Plaintiff again notified defendant of an alleged failure to comply with the MSA in

January 2007, alleging three specific instances similar to those described in the August 2006 letter. In February 2009, plaintiff was contacted by the North Carolina Medical Board ("NCMB") regarding an anonymous complaint submitted to the NCMB by "W. Blower" alleging inappropriate or disruptive behavior on plaintiff's part. The "W. Blower" allegations included references to incidents that were the subjects of the 2005 and 2006 peer reviews.

On 25 August 2011, plaintiff filed a complaint against defendant alleging, *inter alia*, unfair and deceptive trade practices, breach of contract, fraud, civil conspiracy, and intentional and negligent infliction of emotional distress. After a hearing, the trial court granted summary judgment in favor of defendant regarding some of plaintiff's claims. The remaining claims progressed to discovery.

On 27 March 2012, plaintiff served defendant with a set of formal discovery requests including interrogatories, requests for production of documents, and requests for admission (the "First Discovery Request"). Defendant responded to the First Discovery Request on 31 May 2012, objecting to requests for peer review related materials on the grounds that the information was privileged pursuant to N.C. Gen. Stat. § 131E-95. Plaintiff

subsequently filed a motion to compel. After a hearing, Judge Robert H. Hobgood ("Judge Hobgood") entered an order on 17 December 2012 upholding defendant's assertions of the statutory privilege ("the Hobgood Order").

On 4 December 2012, plaintiff filed a motion to compel regarding defendant's assertion of the same statutory privilege in response to questions about the 2006 peer review in depositions of three witnesses. At a hearing, plaintiff argued before Judge James E. Hardin ("Judge Hardin") that the exception for malice in N.C. Gen. Stat. § 131E-95(a) (2013) should also apply to the privilege arising under N.C. Gen. Stat. § 131E-95(b) (2013). Judge Hardin determined that plaintiff had not presented evidence of malice sufficient to show that the privilege of N.C. Gen. Stat. § 131E-95 was waived or eliminated. On 5 February 2013, Judge Hardin entered an order upholding defendant's assertions of privilege regarding the specific details of the 2006 peer review ("the Hardin Order"). The Hardin Order specifically found the Hobgood Order made determinations regarding the statutory privilege with regard to interrogatories, requests for production, and requests for admission.

On 27 October 2012, plaintiff served a second set of

requests for admission ("Second RFA"). Defendant responded to the Second RFA on 27 December 2012, again objecting to requests regarding the 2006 peer review and defendant's peer review process on the grounds that such information was not subject to discovery pursuant to N.C. Gen. Stat. § 131E-95(b). Plaintiff subsequently filed a motion and supplemental motion to determine the sufficiency of defendant's answers to the Second RFA. Plaintiff specifically alleged in his supplemental motion that there was evidence showing malice sufficient to eliminate defendant's privilege. After a hearing, Judge Elaine M. Bushfan ("Judge Bushfan") entered an order on 4 April 2013 concluding that plaintiff had demonstrated an adequate showing of malice by defendant to eliminate defendant's statutory privilege and compelling defendant to disclose the previously privileged information ("the Bushfan Order"). Defendant appeals the Bushfan Order.

As an initial matter, we note that this appeal concerns an order to compel discovery and this appeal is interlocutory. "Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). However, "orders compelling discovery of materials purportedly protected

by the medical review privilege or work product doctrine are immediately reviewable on appeal despite their interlocutory nature." *Hammond v. Saini*, ___ N.C. App. ___, ___, 748 S.E.2d 585, 588 (2013). "[I]mmediate appeal is available from an interlocutory order or judgment which affects a substantial right." *Sharpe v. Worland*, 351 N.C. 159, 162, 522 S.E.2d 577, 579 (1999) (quotation marks omitted). "Accordingly, when . . . a party asserts a statutory privilege which directly relates to the matter to be disclosed under an interlocutory discovery order, and the assertion of such privilege is not otherwise frivolous or insubstantial, the challenged order affects a substantial right[.]" *Id*. at 166, 522 S.E.2d at 581.

In the instant case, defendant claims that the materials subject to the order on appeal are privileged pursuant to N.C. Gen. Stat. § 131E-95. Because the trial court's order compels discovery of materials that defendant claims are subject to the statutory medical review privilege, the trial court's order affects a substantial right and thus is immediately appealable. *Id*.; *Hammond*, __ N.C. App. at ___, 748 S.E.2d at 588.

We next address whether there was a showing of changed circumstances sufficient to support the trial court's decision in the Bushfan Order on the issue of privilege.

In North Carolina, "no appeal lies from one Superior Court judge to another; that one Superior Court judge may not correct another's errors of law; and that ordinarily one judge may not modify, overrule, or change the judgment of another Superior Court judge previously made in the same action." *Calloway v. Ford Motor Co.*, 281 N.C. 496, 501, 189 S.E.2d 484, 488 (1972). A narrow exception to this rule exists where there has been a substantial change in circumstances. *First Fin. Ins. Co. v. Commercial Coverage, Inc.*, 154 N.C. App. 504, 507, 572 S.E.2d 259, 262 (2002). "A substantial change in circumstances exists if since the entry of the prior order, there has been an intervention of new facts which bear upon the propriety of the previous order." *Id.* (citations and quotation marks omitted). However, "in the absence of adequate findings specifying the nature of the change of circumstances upon which the court relies, it is without authority to overrule, *either expressly or implicitly*, the first judge's prior determination as reflected in its order." *Crook v. KRC Mgmt. Corp.*, 206 N.C. App. 179, 190, 697 S.E.2d 449, 456-57 (2010) (citation and quotation marks omitted) (emphasis in original). "[W]here the trial court fails to find that there has been a material change in circumstances, it has no authority to modify the order of another judge." *Id.*,

697 S.E.2d at 457.

In the instant case, the Bushfan Order made several findings regarding the patient affidavits that plaintiff presented both to Judge Hardin and to Judge Bushfan. It also listed findings regarding the statutory privilege and the malice exception as set forth in N.C. Gen. Stat. § 131E-95. However, while the Bushfan Order found that the Hobgood Order "stated in pertinent part that 'matters occurring prior to August 25, 2008 may come in as evidence for other reasons,'" it failed to reference either of the prior orders on the subject of the statutory privilege. In addition, the Bushfan Order failed to make any findings regarding a substantial change in circumstances that would allow the trial court to reverse defendant's claim of privilege as upheld in the Hardin Order. The Bushfan Order did not set forth adequate findings specifying the nature of the change in circumstances upon which the court relied. Therefore, the court was without authority to overrule the prior determination of defendant's statutory privilege. *Id.* at 190, 697 S.E.2d at 456-57. Because we reverse the trial court's order based on the lack of findings regarding changed circumstances, it is unnecessary to consider the parties' remaining arguments regarding the statutory privilege.

Reversed.

Judges McGEE and STROUD concur.

Report per Rule 30(e).