WARREN BROTHERS COMPANY, A DIVISION OF ASHLAND OIL, INC. v. NORTH
CAROLINA DEPARTMENT OF TRANSPORTATION

No. 8221SC1159

(Filed 18 October 1983)

**Highways and Cartways § 9— highway construction contract—no right of action by
subcontractor**

Where a highway construction contract provided that a subcontractor
could not assert a claim against defendant Department of Transportation, the
contractor could not assert a claim against defendant on behalf of its subcon-
tractor.

APPEAL by plaintiff from *Rousseau, Judge.* Judgment
entered 23 July 1982 in Superior Court, FORSYTH County. Heard
in the Court of Appeals 27 September 1983.

This is a civil action upon a highway construction contract in
which plaintiff seeks to recover on behalf of Lancaster Brothers,
Inc. (hereinafter Lancaster), a subcontractor, because of dif-
ficulties encountered by Lancaster in installing guardrails. Plain-
tiff sued alleging among other things:

11. Upon information and belief, the total reasonable and
additional costs incurred to perform the work at the Project
. . . amount to $52,442.12, and Lancaster is entitled to
recover said amount from the Defendant through the Plain-
tiff.

. . .

17. Upon information and belief, the Defendant owes
Lancaster through the Plaintiff the additional sum of
$1,394.57.

. . .

21. Upon information and belief, Lancaster has been
damaged by the retention of $28,800.00 in liquidated damages
by the Defendant and Lancaster is entitled to have said sum
remitted to it.

On 12 March 1982 the defendant moved to dismiss the com-
plaint pursuant to Rule 17, North Carolina Rules of Civil Pro-
cedure, for failure to prosecute in the name of the real party in

interest. The motion was denied on 23 July 1982. Following the denial of the motion and with the consent of both parties, the trial court heard an oral motion by the defendant for summary judgment pursuant to Rule 56, North Carolina Rules of Civil Procedure. The court, after reviewing the pleadings and discovery conducted, granted summary judgment for the defendant.

From entry of summary judgment for the defendant, plaintiff appealed. The defendant cross-appealed from the denial of its motion to dismiss under Rule 17 and from an earlier ruling denying a motion to quash an alias and pluries summons.

*Miller, Johnston, Taylor & Allison, by Robert J. Greene, Jr., for the plaintiff, appellant.*

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Blackwell M. Brogden, Jr., for the defendant, appellee, cross-appellant.*

HEDRICK, Judge.

PLAINTIFF'S APPEAL

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. RULES CIV. PROC. 56(c). Where the pleadings or proof of either party disclose that no claim or defense exists, summary judgment is proper. *McNair v. Boyette*, 282 N.C. 230, 192 S.E. 2d 457 (1972). In such cases the claim or defense of a party is said to be insurmountably barred. *See e.g., Jones v. City of Greensboro*, 51 N.C. App. 571, 277 S.E. 2d 562 (1981). Our examination of the record in the instant case discloses such a bar to plaintiff's claim and dictates that the trial court's grant of summary judgment for defendant be affirmed.

It is undisputed that plaintiff brings this action on behalf of its subcontractor, Lancaster, and that any recovery by plaintiff from defendant will inure to the benefit of Lancaster. Also undisputed is that the contract entered into by plaintiff and defendant contains the following provision:

The Contractor shall not sublet, sell, transfer, assign, or otherwise dispose of the contract or any portion thereof, or of his right, title or interest therein, without written consent of the Engineer. . . . The approval of any subcontract will not release the Contractor of his liability under the contract and bonds, nor will the Sub-contractor have any claim against the Commission (now NCDOT) by reason of the approval of the subcontract.

Under this provision, Lancaster has no claim against the defendant; plaintiff thus has no claim on behalf of Lancaster. Because the record discloses an insurmountable bar to any claim by plaintiff on behalf of Lancaster, summary judgment for defendant was proper.

Plaintiff cites *Blount Bros. Constr. Co. v. United States*, 348 F. 2d 471 (Ct. Cl. 1965) and *Seger v. United States*, 469 F. 2d 292 (Ct. Cl. 1972) in support of its argument that summary judgment was inappropriate. We find these cases inapposite. The contract in the instant case provides that plaintiff's subcontractor may not assert a claim against the defendant. The subcontractor may not do indirectly through plaintiff what it could not do directly by suit against the defendant.

### DEFENDANT'S APPEAL

The defendant's appeal is moot upon the affirmation of summary judgment in its favor.

Affirmed.

Judges WEBB and HILL concur.