COLONIAL BUILDING COMPANY, INC. OF RALEIGH AND CENTURY 21, CROOM AND GAY REALTY, A NORTH CAROLINA GENERAL PARTNERSHIP v. LEWIS JUSTICE; CORNELIA JUSTICE BROWN; AMOS JUSTICE AND WIFE, VIARETTA JUSTICE; ABRAHAM JUSTICE AND WIFE, CORRENA JUSTICE; IRVING JUSTICE AND WIFE, ELEASE JUSTICE; ANDREW DYER AND WIFE, DAISEY DYER; SAMUEL RICHARDSON AND WIFE, DOROTHY RICHARDSON; ALBERT JUSTICE AND WIFE, FLORINE JUSTICE; DELIAH JUSTICE; BARBARA J. SAULS; ONNIE JUSTICE; ROBERT JUSTICE; OTIS McMICHAEL AND WIFE, PEARLENE McMICHAEL; RUSSELL B. SMITH AND WIFE, JOYCE E. SMITH; ROBERT JUSTICE AND WIFE, DOROTHY JUSTICE; WALTER L. JUSTICE, JR. AND WIFE, JOCELYN A. JUSTICE; LIONEL WILLIAMS AND WIFE, GERTRUDE WILLIAMS; MABEL BARHAM; SILAS DUNN AND WIFE, MAUDE DUNN; ERNEST HUNTER; LOUIS A. JUSTICE; LAWRENCE JUSTICE AND WIFE, MALEASIA A. JUSTICE; RAYMOND JUSTICE; RALPH JUSTICE, SR.; RUBY DUNN; LENORA JUSTICE; JIMMIE L. DOZIER AND WIFE, MAGGIE EUNIS DOZIER; ALVIN JUSTICE; MATTIE E. JUSTICE; ELONA JUSTICE AND WIFE, MARLENE JUSTICE; LIZZIE A. JUSTICE; PERCELL JUSTICE; LONNIE JUSTICE; BERNICE JUSTICE; SUSIE JUSTICE; MARION HOLDEN AND WIFE, LOUISE HOLDEN; HORACE DUNN AND WIFE, JESSE DUNN; WORTH DUNN AND WIFE, HELEN DUNN; BLONNIE MAY JUSTICE; WILLIE MASSENBURY AND WIFE, MALISSA MASSENBURY; AND JOHN AND JANE DOE

No. 8610SC562

(Filed 30 December 1986)

**Vendor and Purchaser § 2— contract to sell land—specific performance—time expired**

Summary judgment was properly granted for defendants in an action for specific performance of a contract to sell land where the contract stated that

the agreement would be terminated if the property had not been closed by December 31, there was no closing by December 31, the contract was unambiguous, and there was no allegation of fraud or mistake.

APPEAL by plaintiffs from *Bailey, Judge.* Judgment entered 15 January 1986 in Superior Court, WAKE County. Heard in the Court of Appeals 12 November 1986.

This is a civil action wherein plaintiffs seek specific performance of a contract to convey four tracts of land, and also incidental damages and attorney fees.

In the pleadings, depositions, and affidavits, evidence is presented which tends to show the following:

Plaintiff Colonial Building Company, Inc., is a North Carolina corporation in the business of developing real property. Plaintiff Century 21, Croom and Gay Realty, is a North Carolina partnership in the business of real estate brokerage. Defendant Cornelia Justice Brown had listed four tracts of land, comprising about 60.3 acres, for sale with plaintiff Century 21. Mr. Gay of Century 21 introduced Mrs. Brown to Edd K. Roberts, president of plaintiff Colonial Building Company. On 3 November 1981, Mrs. Brown signed a contract to sell the land to Colonial Building.

At the time she signed the contract, Mrs. Brown did not own the four tracts; they belonged to various relatives of hers. They had once been part of the Justice family farm. It was lost in the Depression, but Mrs. Brown bought it back later and divided it among her siblings and herself. At the time Mrs. Brown signed the contract, she had a power of attorney for two of the tracts. The third tract belonged to Louise and Marion Holden, her sister and brother-in-law. The fourth belonged to the heirs of her deceased brother Bernis Justice. Plaintiffs had suggested to Mrs. Brown, and she agreed, that she should try to convince the Holdens to swap their tract for one that was not being sold and move their house onto it, so that their tract could be sold. Mrs. Brown also agreed to try to get all of Bernis' heirs to agree to sell the fourth tract.

Time passed, and Mrs. Brown did not manage to convince the Holdens to swap lots. The contract provided that it terminated if there was no closing by 31 December 1983. This date passed without closing.

Plaintiffs brought this action on 5 February 1985. On 29 October 1985, plaintiffs made a motion for partial summary judgment. On 8 November 1985 defendants made a motion for summary judgment. The trial court, in its order of 31 December 1985, denied plaintiffs' motion, granted defendants' motion, and dismissed the action. Plaintiffs made several more motions, including a motion to alter or amend the court's judgment pursuant to G.S. 1A-1, Rule 59. In its order of 15 January 1986, the court denied these motions and again granted defendants' motion for summary judgment.

Plaintiffs appealed.

*Harris, Cheshire, Leager & Southern, by Stephen D. Coggins and Jodee Sparkman King, for plaintiffs, appellants.*

*Young, Moore, Henderson & Alvis, P.A., by B. T. Henderson, II, Edward B. Clark, and Josephine R. Darden, for defendants, appellees.*

HEDRICK, Chief Judge.

Plaintiffs contend that the trial court erred to their prejudice in granting summary judgment for defendants and dismissing plaintiffs' action.

Summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that a party is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56(c). Where the pleadings or proof of the plaintiff disclose that no claim exists, summary judgment for defendant is proper. *Warren Brothers Co. v. N.C. Dept. of Transportation*, 64 N.C. App. 598, 307 S.E. 2d 836 (1983). In such a case plaintiff's claim is said to be insurmountably barred. *Id.* An examination of the record in the present case discloses such a bar to plaintiffs' claim and dictates that the trial court's grant of summary judgment for defendants be affirmed.

It is undisputed that the contract that Mrs. Brown signed contains the following provisions: "The date of closing shall be within 60 days from the effective date of this agreement. The effective date shall be the date on which the sellers inform the purchaser of the names of all the owners of the property and of the

fact that they are able or will be able to furnish title as provided herein. . . . In the event the property has not been closed by December 31, 1983, this agreement shall be terminated and the earnest money, if any, returned to the Purchaser. Purchaser shall have the right to extend the closing date for an additional sixty (60) days upon depositing an additional earnest money in the sum of Ten Thousand Dollars ($10,000.00)."

It is also undisputed that not only had there been no closing by 31 December 1983, but that the "effective date of this agreement" had not (and still has not) occurred. Although the contract contained the provision allowing the purchaser to extend the closing date by depositing an extra ten thousand dollars, Colonial Building Company did not take advantage of this provision. Clearly the contract, if it ever became effective at all, terminated by its own terms.

Plaintiffs argue that this expiration date provision cannot be taken at face value. Edd K. Roberts, president of plaintiff Colonial Building Company, states in his affidavit that,

. . . recognizing that (a) by December 31, 1983, circumstances may change in unforeseeable ways so that it would no longer be feasible to close and (b) Mrs. Brown might not succeed in locating all illegitimate heirs to Tract 4, we inserted a provision in the contract on page 2 that I would be relieved of my obligation to purchase the property and that if I wished to extend the closing date, I could do so by making an additional earnest money deposit. It certainly was not the intent of the parties that the contract would terminate without any consequences to any of the parties without regard to the reason why the transaction was not closed by December 31, 1983.

However, this is not what the contract says. The plain unambiguous language of the contract merely states that "[i]n the event the property has not been closed by December 31, 1983, this agreement shall be terminated . . ." The legal effect of a final instrument which defines and declares the intentions and rights of the parties cannot be modified or corrected by proof of any preliminary negotiations or agreement, nor is it permissible to show how the parties understood the transaction in order to explain or qualify what is in the final writing, in the absence of an

allegation of fraud or mistake or unless the terms of the instrument itself are ambiguous and require explanation. *Root v. Insurance Co.*, 272 N.C. 580, 158 S.E. 2d 829 (1968). In the present case, there has been no allegation of fraud or mistake, and the term in the contract is unambiguous. Under these circumstances, the term must be taken at face value, and plaintiffs have no claim against defendants.

Because the record discloses this insurmountable bar to plaintiffs' claim, the court was correct in granting defendants' motion for summary judgment and in denying plaintiffs' motions.

Affirmed.

Judges MARTIN and COZORT concur.