BOLTON CORPORATION AND WILLIAM E. BOLTON, III, PLAINTIFFS v. STATE OF NORTH CAROLINA, DEFENDANT

No. 8810SC1125

(Filed 19 September 1989)

1. **State § 4.4— breach of contract—claim against State—contractor as assignee of subcontractor**

   A prime contractor's claim against the State for breach of contract as assignee of its subcontractor was properly dismissed by summary judgment because an assignment of a claim against the State is void under N.C.G.S. § 143-3.

2. **State § 4— breach of contract—claim against State—contractor's claim on behalf of subcontractor**

   A prime contractor's claim against the State on behalf of its subcontractor for breach of a contract for construction of a building at UNC-CH was barred by sovereign immunity since the subcontractor had no contractual relationship with the State, the State's sovereign immunity on a contract claim by the subcontractor was thus not waived by N.C.G.S. § 143-135.3, and the prime contractor has no claim on the subcontractor's behalf because the subcontractor has no claim.

3. **Contracts § 14.2; State § 4.4— public construction project— contract between State and general contractor—heating and air conditioning contractor not third party beneficiary**

Plaintiff heating and air conditioning contractor for construction of a building at UNC-CH was not a third party beneficiary of the contract between the State and the general contractor for the project so as to give plaintiff a right of action against the State for breach of contract based on change work orders entered into by the State and the general contractor which delayed plaintiff and extended the completion date of the project.

4. **State § 4— public construction contract—State's delay of general contractor—claim by another prime contractor barred by sovereign immunity**

A heating and air conditioning contractor's claim against the State based on change work orders which delayed the general contractor's work and in turn delayed plaintiff's work was outside the scope of N.C.G.S. § 143-135.3 and was thus barred by sovereign immunity since plaintiff failed to allege or show a breach of its own contract with the State.

APPEAL by plaintiffs from *Read (J. Milton, Jr.), Judge.* Orders entered 2 November 1987 and 18 November 1987 in Superior Court, WAKE County, and from *Stephens (Donald W.), Judge,* order entered 15 January 1988 in Superior Court, WAKE County, and from *Barnette (Henry V., Jr.), Judge,* order entered 9 March 1988 in Superior Court, WAKE County. Heard in the Court of Appeals 19 April 1989.

Plaintiff, Bolton Corporation (Bolton Corp.), a heating ventilation and air/conditioning (HVAC) contractor, and Bolton Corp.'s president William E. Bolton, III (Bolton) filed this breach of contract action on behalf of themselves and their subcontractor, Phillips Sheet Metal (Phillips), alleging that certain acts or omissions of the defendant prevented the timely performance of their contract in the construction of the central library of the University of North Carolina (UNC-CH). On 2 November 1987, Judge Read granted defendant's summary judgment motion to dismiss the claims of Phillips as advanced by its assignee, Bolton. On 18 November 1987, Judge Read denied plaintiffs' partial summary judgment motion on the issue of defendant's liability. On 15 January 1988, Judge

Stephens granted defendant's partial summary judgment motion to dismiss Phillips' claims advanced by Bolton Corp. and finally, on 9 March 1988, Judge Barnette granted defendant's summary judgment motion as to Bolton Corp.'s remaining claims. Plaintiffs appeal the entry of these orders.

*Graham & James, by J. Jerome Hartzell and Mark Anderson Finkelstein, for plaintiff-appellants.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Donald R. Teeter, for defendant-appellee.*

LEWIS, Judge.

In September 1979 plaintiffs entered into a contract with defendant to be prime contractor for HVAC work for the new UNC-CH central library. Plaintiff, Bolton Corp., was one of four prime contractors on the project including T.A. Loving Company (T.A. Loving) which was the general contractor. Plaintiff's contract and the contracts of the other prime contractors, provided *inter alia* that construction on the library was to be completed in 930 days or by 1 May 1982. During the course of construction defendant, through the project architect Leslie Boney, entered into a total of 29 change work orders with T. A. Loving extending the final construction date through the date the project was completed.

In its complaint plaintiffs asserted that defendant's change work orders as well as its failure to properly coordinate and administer the project significantly delayed T.A. Loving's work which in turn delayed plaintiff and its subcontractor, Phillips, and resulted in their incurring increased costs and expenses. Defendant answered, generally denying plaintiffs' contentions, and asserted lack of subject matter jurisdiction and failure to state a claim pursuant to G.S. 1A-1, Rules 12(b)(1) and 12(b)(6) as to Bolton's claims as Phillips' assignee.

Plaintiffs bring forward several assignments of error to the lower court's summary judgment orders which ultimately resulted in the dismissal of their entire suit against defendant. G.S. 1A-1, Rule 56(c) provides that summary judgment is proper if, "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law."

[1]   We first address the partial summary judgment order entered against Bolton as assignee of Phillips. G.S. 143-3 provides, "[a]ll transfers and assignments of any claim upon the State of North Carolina or any of its departments or . . . any State institution, whether absolute or conditional and whatever may be the consideration thereof . . . shall be absolutely null and void." "Where the pleadings or proof of either party disclose that no claim . . . exists, summary judgment is proper." *Warren Brothers Co., a Div. of Ashland Oil, Inc. v. N.C. Dept. of Transportation*, 64 N.C. App. 598, 599, 307 S.E.2d 836, 837 (1983). This assignment of error is overruled.

[2]   Next we address the trial court's granting of summary judgment as to Bolton Corp.'s claims on behalf of Phillips. G.S. 143-135.3 waives the State's sovereign immunity to allow a "contractor" to file a contract claim against the State. "Contractor" is defined as "any person, firm, association or corporation which has *contracted* with a State board for . . . services in connection with construction . . . as well as those persons who have *contracted* to perform such construction." G.S. 143-135.3(a) (emphasis added). Phillips had no contract with the State. Indeed, Article 32 of Bolton Corp.'s contract provided, "[t]he Contractor agrees that no contractual relationship exists between the sub-contractor and the owner in regard to this contract." Clearly, since Phillips had no contractual relationship with the State, its claim is barred by sovereign immunity. *See Smith v. State*, 289 N.C. 303, 222 S.E.2d 412 (1976). Thus, because Phillips has no claim, Bolton Corp. has no claim on Phillips' behalf. *Warren Bros., supra.*

[3]   Finally, we address the summary judgment as to Bolton Corp.'s remaining claims. The State asserts that the lower court properly granted its motion for summary judgment because Bolton Corp.'s claim was outside the scope of G.S. 143-135.3 and thus barred by sovereign immunity. Alternatively, it contends that it was well within its contract rights with T.A. Loving to change the work orders and that Bolton Corp.'s contract provided a remedy for extra costs — extension of time — which Bolton Corp. chose not to exercise. Plaintiff, however, contends that its claim is not barred by sovereign immunity in that it is a third-party beneficiary to the contract provisions between T.A. Loving and defendant relating to change of work and that T.A. Loving's contract could not be modified without notifying and compensating plaintiff. Additionally, plaintiffs contend that under ordinary contract principles, defend-

ant's acts in delaying T.A. Loving in turn prevented Bolton Corp. from the timely performance of its contract and therefore they should be allowed to recover the extra costs caused by the delay.

"[I]t is well settled in North Carolina that where a contract between two parties is entered into for the benefit of a third party, the latter may maintain an action for its breach or in tort if he has been injured as a result of its negligent performance." *Johnson v. Wall*, 38 N.C. App. 406, 410, 248 S.E.2d 571, 573-4 (1978). However, a mere incidental beneficiary to a contract acquires no right against the promisor or the promisee. *Matterness v. City of Winston-Salem*, 286 N.C. 1, 209 S.E.2d 481 (1974). "Whether a contract was intended for the benefit of a third party is generally regarded as one of construction of the contract. The intention of the parties is determined by the provisions of the contract construed in light of the circumstances under which it was made and the apparent purpose of the parties are trying to accomplish." *Johnson, supra.*

In support of their argument plaintiffs point to specific contract provisions imposing liability on each prime contractor to each other for delays and damages to their work and to G.S. 143-128 which holds contractors liable to the State and other contractors for full performance of their work under their contracts. While it is clear that this language imposes a duty on contractors to cooperate with each other in the full performance of their contracts, we do not think it indicates, as plaintiffs contend, that the State's contract with T.A. Loving was entered into with the intention or purpose of benefiting plaintiffs. This conclusion is bolstered by the fact that Bolton Corp. was equally bound by the identical provisions in its contract and G.S. 143-128. The plaintiffs' argument is without merit.

[4]  Plaintiffs' second contention is also without merit. At the time Bolton Corp. entered into its contract with the State G.S. 143-135.3 (Cum. Supp. 1983) provided:

Upon completion of any contract for construction or repair work awarded by any state board to any contractor, under the provisions of this Article, should the contractor fail to receive such settlement as he claims to be entitled to *under terms of his contract*, he may, . . . submit to the Secretary of Administration a written and verified claim for such amount

as he deems himself *entitled to under the terms of said contract*, setting forth the facts upon which said claim is based.

As to such portion of a claim which may be denied by the Secretary of Administration, the contractor may, within six months from receipt of the decision, institute a civil action for such sum as he claims to be *entitled to under said contract* by the filing of a verified complaint and issuance of summons in the Superior Court of Wake County.

(Emphasis added.) In construing this provision, our Supreme Court in *Davidson and Jones, Inc. v. N.C. Dept. of Administration*, 315 N.C. 144, 337 S.E.2d 463 (1985) stated, "[w]e interpret this statute as requiring . . . that the contractor's claim arise out of a breach of the contract or some provision thereof . . . to entitle the contractor to some relief." *Id.* at 149, 337 S.E.2d at 466. Plaintiffs here have failed to allege or show a breach of the terms of *its* contract with the State. Rather, the basis of their complaint is that various acts or omissions by defendant, including the granting of change orders, delayed T.A. Loving's work which in turn delayed their work. We therefore hold that Bolton Corp.'s claims are barred under G.S. 143-135.3 and summary judgment was proper.

For the foregoing reasons the lower court's order is affirmed.

Affirmed.

Judges ARNOLD and GREENE concur.