Taidoc Tech. Corp. v. OK Biotech Co., Ltd., 2014 NCBC 48.

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| MECKLENBURG COUNTY | 12 CVS 20909 |

TAIDOC TECHNOLOGY
CORPORATION,

          Plaintiff,

v.

OK BIOTECH CO., LTD.,

          Defendant.

**ORDER AND OPINION
ON MOTIONS**

{1}    **THIS MATTER** is before the Court on the following motions: (i) Plaintiff's Motion for Reconsideration and Rehearing of Plaintiff's Motion to Enforce Deposition Subpoena and Compel Appearance at Deposition; (ii) Plaintiff's Rule 52 Motion for Amended Findings of Fact and Amendment of June 10 Order on Discovery Motions; (iii) Defendant's Motion to Extend Deadline for Responses to Taidoc's RFAs or to Withdraw Default Admissions; (iv) Defendant's Motion to Unseal and Remove Confidentiality Designation From Deposition Transcripts and Exhibits; (v) Defendant's Rule 15 Motion to Amend its Twelfth Affirmative Defense; and (vi) Plaintiff's Motion to Modify CMO (collectively, "the Motions"). Each of the Motions has been fully briefed, and the Court has considered the Motions, briefs and arguments of counsel at the October 7, 2014 hearing in this matter.

*Erwin, Bishop, Capitano & Moss, P.A., by Joseph W. Moss, Jr. and J. Daniel Bishop, for Plaintiff Taidoc Tech. Corp.*

*Hamilton Stephens Steele + Martin, PLLC, by Laura Barringer and Erik Rosenwood, for subpoenaed third-party Ramzi Abulhaj.*

*Prodigy Diabetes Care, by Andrew O'Hara, for subpoenaed third-parties Prodigy Diabetes Care and Richard Admani.*

*Foley & Lardner LLP, by George C. Beck, Michael J. Lockerby, and Brian Kapatkin, and Clements Bernard PLLC, by Christopher L. Bernard and Lawrence A. Baratta, Jr., for Defendant OK Biotech Co., Ltd.*

Bledsoe, Judge.

I.

BACKGROUND

{2}     Plaintiff Taidoc Technology Corporation and Defendant OK Biotech Co., Ltd. are competitors in the business of researching, developing and manufacturing blood glucose meters and test strips.  Diagnostic Devices, Inc. ("DDI") and its affiliate, Prodigy Diabetes Care, LLC ("Prodigy"), are distributors of diabetic products, including blood glucose meters and test strips.  DDI initially served as distributor for certain of Plaintiff's products and subsequently served as distributor for certain of Defendant's products.  During the relevant period, DDI's principals were Ramzi Abulhaj ("Abulhaj") and Richard Admani ("Admani").

{3}     In December 2008, DDI sued Plaintiff in the United States District Court for the Western District of North Carolina (Case No. 3:08-cv-00559-RJC-DCK; later consolidated with Case No. 3:08-cv-00149-MOC) (the "Federal Action"), claiming Plaintiff had breached its distributorship agreement with DDI and asserting claims against Plaintiff for alleged breach of contract, tortious interference with prospective economic advantage, unfair competition under both state law and the federal Lanham Act, and libel.  In September 2011, Plaintiff asserted counterclaims in the Federal Action against DDI, Abulhaj and Admani, alleging operative facts similar to those advanced in the current action and advancing claims for breach of contract, non-infringement, unfair competition, libel, fraud, misappropriation of

trade secrets under N.C.G.S. § 66-152 et seq., unfair trade practices under N.C.G.S. § 75-1.1, unjust enrichment, fraudulent conveyance and false advertising under the federal Lanham Act. The Federal Action was settled in March 2012 after a jury verdict had been returned but prior to the entry of judgment. Prodigy, Abdulhaj and Admani each testified at deposition, and Abdulhaj and Admani testified again at trial, in the Federal Action.

{4}   Plaintiff filed the instant action on December 6, 2012, alleging that Defendant conspired with DDI, Prodigy, Abulhaj and Admani to misappropriate Plaintiff's trade secrets and asserting claims against Defendant for fraud (as a co-conspirator), facilitating fraud, aiding and abetting fraud, misappropriation of trade secrets under N.C.G.S. § 66-152 et seq., unfair trade practices under N.C.G.S. § 75-1.1, tortious interference with contract, tortious interference with prospective economic advantage and unjust enrichment. The designated deadline for the completion of fact discovery in this case was September 10, 2014.

II.

ANALYSIS

Plaintiff's Motion for Reconsideration and Rehearing of Plaintiff's Motion to Enforce Deposition Subpoena and Compel Appearance at Deposition ("Motion I")

{5}   Plaintiff moves this Court pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure and the Court's inherent authority to amend its own orders to reconsider and rehear Plaintiff's May 8, 2014 Motion to Enforce Deposition Subpoena and Compel Attendance at Deposition ("Motion to Compel Depositions").

{6}     Plaintiff filed the Motion to Compel Depositions seeking to compel the depositions of non-parties Prodigy, Admani and Abulhaj (collectively, the "Non-Parties"). The Non-Parties objected to Plaintiff's Motion on the grounds that because the Non-Parties had testified at deposition and at trial in the earlier Federal Action regarding many of the same facts and circumstances alleged in this action, further depositions of the Non-Parties would be unduly burdensome, cumulative and unnecessary.

{7}     This Court (Murphy, J.) granted Plaintiff's Motion to Compel Depositions on June 10, 2014 (the "June 10 Order"), ordering that the Non-Parties could be deposed "but only as to matters not addressed by prior depositions of [the Non-Parties]" and that should Plaintiff choose to take depositions of any of the Non-Parties, Plaintiff would be required to "bear the fees and costs associated with any deposition, including attorney's fees of the deposed [Non-Parties]." (June 10 Order, ¶¶ 2, 3.)

{8}     A dispute has arisen between Plaintiff and the Non-Parties concerning the scope of the examination permitted under the Court's June 10 Order and the timing and circumstances concerning the payment of the Non-Parties' fees and costs.

{9}     Plaintiff contends that the restrictions and conditions imposed on the depositions of the Non-Parties in the June 10 Order are contrary to law and should be stricken. Plaintiff further contends that the June 10 Order is ambiguous and should be broadly construed and that the Court should clarify the June 10 Order for the mutual benefit of the parties and the Non-Parties.

{10} The Non-Parties and Defendant contend that the Plaintiff has not shown the requisite circumstances permitting this Court to reconsider the June 10 Order under applicable law and that, in any event, the June 10 Order is clear and unambiguous and should be narrowly construed without further clarification.

{11} As an initial matter, our appellate courts have held that "[o]ne superior court judge may only modify, overrule, or change the order of another superior court judge where the original order was (1) interlocutory, (2) discretionary, and (3) there has been a substantial change of circumstances since the entry of the prior order." *Crook v. KRC Mgmt. Corp.*, 206 N.C. App. 179, 189, 697 S.E.2d 449, 456 (2010). "A substantial change in circumstances exists if since the entry of the prior order, there has been an intervention of new facts which bear upon the propriety of the previous order. The burden of showing the change in circumstances is on the party seeking a modification or reversal of an order previously entered by another judge." *Id.* (citations and quotation marks omitted). Accordingly, "where the trial court fails to find that there has been a material change in circumstances, it has no authority to modify the order of another judge." *Id.*, 206 N.C. App. at 190, 697 S.E.2d at 457; *see generally Calloway v. Ford Motor Co.*, 281 N.C. 496, 501, 189 S.E.2d 484, 488 (1972); *First Fin. Ins. Co. v. Commercial Coverage, Inc.*, 154 N.C. App. 504, 507, 572 S.E.2d 259, 262 (2002).

{12} The June 10 Order was a discretionary, interlocutory order by Judge Murphy; thus, this Court may modify, overrule or change the June 10 Order only if there has been a substantial change of circumstances since its entry. Based on the

facts and circumstances presented, however, the Court concludes that nothing in this litigation has occurred since June 10 to permit the Court to find that there has been a substantial change in circumstances sufficient to permit the Court to modify, overrule or change Judge Murphy's June 10 Order.

{13} Although not permitted to modify, overrule or change the June 10 Order, the Court nonetheless concludes that it does have the authority to interpret, construe and enforce the June 10 Order according to its terms. *See, e.g., Morley v. Morley,* 102 N.C. App. 713, 716, 403 S.E.2d 574, 575 (1991) (concluding that one Superior Court Judge may construe an order entered by another Superior Court Judge).

{14} The Court finds that the June 10 Order is potentially capable of differing interpretations in certain respects and that it will assist the fair and efficient administration of justice in this matter for the Court to construe the June 10 Order to resolve the dispute reflected in Motion I.

{15} In construing the June 10 Order, the Court will, where appropriate, use normal rules of contract construction. Thus, unambiguous terms will be given their plain and ordinary meaning, *see, e.g., Johnston County v. R.N. Rouse & Co., Inc.,* 331 N.C. 88, 95, 414 S.E.2d 30, 34 (1992) (noting that "the most fundamental principle of contract construction is that the courts must give effect to the plain and unambiguous language of a contract"), and ambiguous terms will be construed in light of the Court's apparent purpose in entering the June 10 Order, s*ee, e.g., Bolton Corp. v. State*, 95 N.C. App. 596, 600, 383 S.E.2d 671, 673-74 (1989) (explaining

that "intention . . . is determined by the [contract] provisions . . . construed in light of the . . . apparent purpose"); *Wilson v. Wilson,* 214 N.C. App. 541, 545, 714 S.E.2d 793, 796 (2011) ("[T]he trial court has the authority to construe or interpret an ambiguous consent judgment and should consider normal rules of interpreting or construing contracts."); *Hyde County Bd. of Educ. v. Mann,* 250 N.C. 493, 498, 109 S.E.2d 175, 178-79 (1959) ("[W]here the language of a . . . judgment is ambiguous, the courts will take into consideration all of the facts and circumstances existing at the time of and leading up to the . . . entry of judgment.").

{16}   Based on the Court's review of the June 10 Order, the Court concludes that the limitation in the Order restricting Plaintiff's depositions of the Non-Parties to "matters not addressed by prior depositions of these witnesses" is intended to avoid unnecessarily duplicative examinations of the Non-Parties and prevent Plaintiff from posing the same questions about the same issues to the Non-Parties in the hope of obtaining different responses from those received in the prior depositions. (June 10 Order, ¶ 2.)  Accordingly, the Court concludes that the June 10 Order permits Plaintiff to ask any questions and engage in any specific line of inquiry that was not pursued by Plaintiff in the prior depositions of the Non-Parties concerning any document, thing, person, event or fact, provided such inquiry is consistent with the requirements of Rule 26 and any other applicable rules of the North Carolina Rules of Civil Procedure.

{17}   The Court further concludes that a necessary implied term of the June 10 Order is that the Non-Parties' fees and costs, including attorney's fees, shall be

reasonable under the circumstances and therefore that Plaintiff shall have the right to contest the reasonableness of the Non-Parties' fees and costs, including the Non-Parties' attorney's fees, by motion to the Court prior to payment to the Non-Parties.

{18} Accordingly, the Court **DENIES** Plaintiff's Motion I and orders the parties and the Non-Parties to adhere to the terms of the June 10 Order as construed by this Order.

<u>Plaintiff's Rule 52 Motion for Amended Findings of Fact and
Amendment of June 10 Order on Discovery Motions ("Motion II")</u>

{19} In the June 10 Order, Judge Murphy also granted Plaintiff's Rule 37 Motion to Compel Production of Documents (filed May 13, 2014) ("Plaintiff's Motion to Compel") and denied Defendant's Motion for Protective Order Staying Discovery Until Plaintiff Sufficiently Identifies and Produces Documentation of its Alleged "Trade Secrets" (filed May 27, 2014) ("Defendant's Motion for Protective Order").

{20} Plaintiff now moves this Court pursuant to Rules 52(b) and 54(b) of the North Carolina Rules of Civil Procedure to make additional findings of fact and award attorney's fees to Plaintiff in accordance with the mandatory provisions of Rule 37(a)(4) as a result of the entry of the June 10 Order.

{21} Plaintiff contends that it is entitled to a mandatory award of attorney's fees because Defendant's conduct necessitating Plaintiff's Motion to Compel was not "substantially justified" under applicable law and because there is no evidence "of other circumstances" that would make an award of attorney's fees unjust. In particular, Plaintiff contends that Defendant refused to produce any documents responsive to Plaintiff's First Request for Production of Documents, including

documents that did not contain confidential information, and thereby caused Plaintiff to incur substantial attorney's fees in the total amount of $50,607 in pursuing its successful Motion to Compel and defeating Defendant's Motion for Protective Order.

{22} Defendant argues in response that this Court (Murphy, J.) denied Plaintiff's request for attorney's fees in the June 10 Order, that no new or changed circumstances have arisen since the entry of the June 10 Order to warrant a different result, and that, in any event, Plaintiff's refusal to identify its trade secrets substantially justified Defendant's opposition to Plaintiff's Motion to Compel. Defendant also asserts that Plaintiff's requested fees are unreasonable and excessive and therefore should not be awarded by the Court.

{23} Based on a review of the record, it is clear that Plaintiff sought an award of fees and costs both in Plaintiff's Motion to Compel and in its supporting brief and that Judge Murphy did not award Plaintiff any fees or costs in the June 10 Order.

{24} Specifically, Judge Murphy concluded in the June 10 Order that "Plaintiff [was] entitled to the relief requested in its Motion to Compel . . . with reasonable limitations," ordered Defendant to produce documents within thirty (30) days, "reserve[d] the right to reallocate costs of the discovery associated with Plaintiff's Motion to Compel," and denied all other requested relief.

{25} Once a motion to compel under Rule 37(a)(2) is granted, Rule 37(a)(4) provides that the moving party must be awarded expenses, including attorney's fees, unless the resisting party meets its burden to show that its conduct was

"substantially justified" or that "an award was unjust under the circumstances." *Graham v. Rogers*, 121 N.C. App. 460, 462, 466 S.E.2d 290, 291 (1996). The June 10 Order does not include a finding concerning whether Defendant met its burden here. Plaintiff argues that the Court's failure to include the required finding under Rule 37(a)(4) was a plain error of law, that Plaintiff has properly sought amendment from the Court under Rule 52(b), and that this Court should therefore determine that Defendant failed to meet its burden and award fees and costs to Plaintiff.

{26} As noted in connection with Motion I, this Court is severely limited in its ability to "modify, overrule or change the judgment of another Superior Court Judge entered in the same action." *Calloway,* 281 N.C. at 501, 189 S.E.2d at 488. Indeed, our appellate courts have made very clear that "no appeal lies from one Superior Court judge to another" and "one Superior Court judge may not correct another's errors of law." *Id.* As noted *supra*, absent a "substantial change in circumstances," this Court is not permitted to "modify, overrule or change" the June 10 Order. *E.g., Crook*, 206 N.C. App. at 189-90, 697 S.E.2d at 456-57; *cf., e.g., Smithwick v. Crutchfield*, 87 N.C. App. 374, 376, 361 S.E.2d 111, 113 (1987) (upholding subsequent order issued by a different judge in the same action where the subsequent order was "rendered at a different stage of the proceeding," did not involve the same materials as those considered by the previous judge, and did not "present the same question" as that raised by the previous order).

{27} Based on the language of the June 10 Order, it appears clear to the Court that Judge Murphy did not award or intend to award fees and costs to Plaintiff in connection with Plaintiff's Motion to Compel. It is also clear to the Court that Plaintiff's Motion II asks this Court to review the identical facts and legal arguments that Judge Murphy considered, at the same stage of the proceedings, and come to a contrary conclusion on the same factual and legal issues presented for decision. The Court therefore concludes that to grant Plaintiff's Motion II in these circumstances would cause this Court to improperly "modify, overrule or change" the June 10 Order without the requisite changed circumstances.

{28} Accordingly, the Court **DENIES** Plaintiff's Motion II.

### Defendant's Motion to Extend Deadline for Responses to Taidoc's RFAs or to Withdraw Default Admissions ("Motion III")

{29} Plaintiff served its First Request for Admissions ("RFAs") on March 6, 2014. By operation of Rules 6(e) and 36(a), Defendant's responses were due on April 8, 2014. N.C.G.S. §§ 1A-1, Rules 6(e), 36(a). Defendant, however, did not file its responses until July 8, 2014, and thus Plaintiff's RFAs were deemed admitted under Rule 36(a). Defendant now moves this Court for an order extending the deadline for its responses retroactively to July 8 or, alternatively, to withdraw the RFA admissions deemed admitted by default.

{30} Defendant appears to contend in its Motion III and supporting brief that it did not timely serve its RFA responses because, although it had prepared responses to the RFAs, it decided to delay service pending the resolution of the matters that were to be heard by Judge Murphy on June 5. In its Reply, Defendant asserts for

the first time that it did not timely serve its responses because of counsel's inadvertence and mistake. Piecing these together, it appears that Defendant's position is that it did not timely file its responses in April and May due to counsel's inadvertence or mistake, and then upon learning of the mistake in late May, elected not to serve the then-prepared RFA responses on the theory that further delaying service of the responses was justified by Defendant's then-pending or soon-to-be-filed Motion for Protective Order (which, the Court notes, did not specifically mention Plaintiff's RFAs).

{31} Rule 36(a) generally provides that a request for admission is admitted unless the responding party makes a timely denial or objection. Rules 6(b) and 36(a) permit this Court to extend the period for a responding party to serve its answers and objections, and Rule 36(b) provides that "a[]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." N.C.G.S. §§ 1A-1, Rules 6(b), 36(a)-(b); *see, e.g., Excel Staffing Serv., Inc. v. HP Reidsville, Inc.*, 172 N.C. App. 281, 285, 616 S.E.2d 349, 352 (2005) ("Rule 36 means exactly what it says. In order to avoid having the requests deemed admitted, a party must respond within the specified time period."). Rule 36(b) specifically provides that the court may permit withdrawal or amendment if "the presentation of the merits will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." N.C.G.S. § 1A-1, Rules 36(b).

{32} "Litigants in this state are required to respond to pleadings, interrogatories and requests for admission with timely, good faith answers." *WXQR Marine Broad. Corp. v. JAI, Inc.,* 83 N.C. App. 520, 521, 350 S.E.2d 912, 913 (1986). The decision to permit withdrawal or amendment is within the sound discretion of the trial court. *See, e.g., Interstate Highway Express v. S&S Enters., Inc.*, 93 N.C. App. 765, 769, 379 S.E.2d 85, 87 (1989) ("[T]he language of the rule clearly gives the trial court the discretion to allow or not allow a party to withdraw admissions and that in the exercise of that discretion it was not required to consider whether the withdrawal of the admissions would prejudice plaintiff in maintaining its action.").

{33} Based on the Court's review of the materials of record, it appears to the Court that, at best, Defendant elected to take a calculated risk that its conduct would be excused in deciding to withhold service of its RFA responses, at least for the period between late May and July 8, 2014, if not for the entire period following its response deadline on April 8, 2014. Indeed, even viewing Defendant's explanation for its conduct in its best light, Defendant does not appear to have a legitimate rationale or justification for withholding service of Defendant's RFA responses for another month after Judge Murphy's June 10 Order denying Defendant's Motion for Protective Order. While Judge Murphy's Order required Defendant to produce documents requested in Plaintiff's First Requests for Production by July 8, the Order said nothing suggesting that Defendant could further delay service of its responses to Plaintiff's RFAs. Given that Defendant had previously advised Plaintiff prior to the June 5 hearing that the RFA responses had

already been prepared, Defendant had no basis to withhold service, even under its own claimed rationales, after the June 10 Order.

{34} At the hearing, Defendant's counsel advised that the following RFAs are disputed by evidence in the record: RFAs 7, 8, 37, 38, and 42-46. Defendant's counsel also acknowledged at the hearing that none of the RFAs deemed admitted is dispositive of any claim or defense in this action and thus that Defendant is not prevented from defending against any of Plaintiff's claims regardless of the outcome of Defendant's Motion III. In addition, Plaintiff's counsel noted at the hearing that Plaintiff has determined that RFA 3 seeks an admission that is inaccurate and that Defendant has offered evidence that Defendant claims supports its contention that RFAs 14-18 are not accurate as they relate to Exhibit A to the RFAs.

{35} Based on its review, the Court concludes, in the exercise of its discretion, that the presentation of the merits of this action will be subserved by the withdrawal of the admissions to Plaintiff's RFAs 3, 7, 8, 14 (as it relates to Exhibit A), 15 (as it relates to Exhibit A), 16, 17, 37, 38, and 42-46. The Court further concludes that Plaintiff has not satisfied the Court that withdrawal of these admissions will prejudice Plaintiff in maintaining this action on the merits. The Court is not persuaded that the presentation of the merits of this action will be subserved by the withdrawal or amendment of any of Defendant's other admissions and accordingly declines to exercise its discretion to permit the withdrawal or amendment of Defendant's other admissions.

{36} Accordingly, the Court **GRANTS** Defendant's Motion III as provided herein.

Defendant's Motion to Unseal and Remove Confidentiality Designation
From Deposition Transcripts and Exhibits ("Motion IV")

{37} Defendant contends that Plaintiff has inappropriately designated various documents and certain deposition transcripts and exhibits as confidential under the Consent Protective Order in this case, claiming that Plaintiff's designations have been over-inclusive and protected from disclosure information that is not confidential. Plaintiff contends that its confidentiality designations are appropriate under the Consent Protective Order, consistent with applicable law, and should not be disturbed.

{38} Upon a review of the court file, the Court believes that it will likely be in a better position to determine whether the challenged information is properly designated as confidential after the completion of discovery.

{39} Further, Defendant's counsel acknowledged at the hearing that all the confidentiality designations Defendant challenges are of documents that have been marked "CONFIDENTIAL" under the Consent Protective Order and that none of the challenged information has been marked "CONFIDENTIAL – ATTORNEY'S EYES ONLY." As a result, under the terms of the Consent Protective Order, Defendant is permitted to disclose the challenged information to Defendant's "agents, representatives and employees," to "experts or consultants retained or consulted by" Defendant or its counsel, and to "potential witnesses in this action," all as more specifically set forth in the Consent Protective Order. As such, it does

not appear to the Court, and Defendant did not contend otherwise at the hearing, that Defendant is or will be impaired in the defense of this action if the challenged information remains under seal and designated as "CONFIDENTIAL" for a limited period of time, including through the end of discovery period. Further, both parties advised at the hearing that neither is aware of any media or other public interest in this litigation.

{40} Accordingly, the Court concludes that it will not prejudice Defendant or be adverse to the public interest for the Court to defer a ruling on Defendant's Motion IV through the end of the discovery period or until such other time as the Court may determine. The Court therefore **DEFERS** a ruling on Defendant's Motion IV consistent with the terms of this Order.

Defendant's Rule 15 Motion to Amend Its Twelfth Affirmative Defense ("Motion V")

{41} Defendant seeks leave to amend its Twelfth Affirmative Defense to add an additional ground for its affirmative defense of release. Plaintiff opposes Defendant's Motion V on the ground that the amendment is futile and therefore should not be allowed.

{42} Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." N.C.G.S. §§ 1A-1, Rule 15(a). For good cause shown, the Court concludes that granting leave to amend is appropriate here, without prejudice to Plaintiff's right to seek dismissal of this amended affirmative defense on futility or other grounds at a later stage of this proceeding.

{43} For the foregoing reasons, the Court **GRANTS** Defendant's Motion V.

<u>Plaintiff's Request for Case Management Conference and
Motion to Modify Case Management Order ("Motion VI")</u>

{44}   Plaintiff moves this Court to convene a case management conference and make certain adjustments to the Case Management Order to modify the fact and expert discovery schedules and extend the mediation and dispositive motion deadlines.

{45}   For good cause shown, the Court concludes that Plaintiff's Motion VI should be granted as provided herein.

{46}   In light of the Court's rulings on the Motions, the parties are directed to meet and confer to attempt to reach agreement concerning a revised Case Management Order.  The parties will submit a joint proposal, or if the parties are unable to reach agreement, each party will submit its own proposal, no later than 10 days after the entry of this Order.  The Court will thereafter determine whether a further case management conference is appropriate as it evaluates entry of a revised Case Management Order.

{47}   **IT IS THEREFORE ORDERED**, **DECREED** and **ADJUDGED** as follows:

    a. Plaintiff's Motion I is **DENIED,** and the parties and the Non-Parties are ordered to adhere to the terms of the June 10 Order as construed by this Order;

    b. Plaintiff's Motion II is **DENIED**;

    c. Defendant's Motion III is **GRANTED** as to Plaintiff's Request for Admissions 3, 7, 8, 14 (as it relates to Exhibit A), 15 (as it relates to Exhibit A), 16, 17, 37, 38, and 42-46, and is otherwise **DENIED**;

d. A ruling on Defendant's Motion IV is **DEFERRED** through the end of the discovery period or until such other time as the Court may determine;

e. Defendant's Motion V is **GRANTED**, without prejudice to Plaintiff's right to seek dismissal of Defendant's amended twelfth affirmative defense on futility or other grounds at a later stage of this proceeding;

f. Plaintiff's Motion VI is **GRANTED**, with the parties to submit proposed joint or individual revised Case Management Order(s) as provided in this Order;

g. Except as otherwise provided in this Order, each party shall bear the costs and expenses incurred in connection with the Motions;

h. All other requested relief on the Motions is **DENIED**.

**SO ORDERED**, this the 9th day of October, 2014.